IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03367-BNB

MARK SANTINI, a/k/a MARVIN ENGLES,

    Applicant,

v.

TOM CLEMENTS, Executive Director, Colorado Department of Corrections,
TRAVIS TRANI, Warden, Arrowhead Correctional Center, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Respondents

## ORDER TO SHOW CAUSE

    Applicant, Mark Santini, a/k/a Marvin Engles, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Arrowhead Correctional Center in Canón City, Colorado.  Mr. Santini has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He challenges the validity of his conviction and sentence imposed in Jefferson County District Court Case No. 99CR856.  Mr. Santini has paid the $5.00 filing fee.

    In an Order entered on February 28, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 12, 2012, Respondents submitted a pre-answer response.  Mr. Santini requested a status update of his case in a letter dated April 3, 2012 (Doc. No. 22).  Magistrate Judge Boland thereafter issued a Minute Order on April 5, 2012, directing Applicant to file a Reply.  Mr. Santini filed a request for extension of

time on April 23, 2012, representing that he had not received a copy of the Pre-Answer Response (Doc. No. 24).

The Court is not convinced that Mr. Santini did not receive the State's Pre-Answer Response. Indeed, he does not allege any specific facts to support his assertion, other than a self-serving conclusory allegation. Notwithstanding, the Court will allow Mr. Santini one final opportunity to file a Reply to the Respondent's Pre-Answer Response. The Court will not, however, require the State to go to the expense of once again copying and mailing to Applicant the 217 pages consisting of the Pre-Answer Response brief and attachments.

In the Pre-Answer Response, Respondents argue that the Application is barred by the AEDPA one-year limitation period in 28 U.S.C. § 2244(d)(1). (Doc. No. 20, at 6-8). Respondents further contend that some of Mr. Santini's claims are not cognizable on federal habeas review and that he has procedurally defaulted his other claims in the state courts which precludes this court's review of those claims on the merits. (*Id.* at 14-26).

The factual basis for Respondent's argument that the Application is untimely is set forth adequately in Respondent's Pre-Answer Response brief (Doc. No. 20) and is supported by the state court register in Jefferson County Case No. 99CR856, attached thereto as Appendix A (Doc. No. 20-1).

Applicant, therefore, will be ordered to show cause why the Application should not be dismissed as untimely. The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." See *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000) (internal

quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Accordingly, it is

ORDERED that Mr. Santini show cause, in writing and **on or before May 16, 2012**, why the § 2254 Application should not be dismissed as untimely. Applicant's Response to this Order to Show Cause will be construed as his Reply to the Pre-Answer Response. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Santini, a/k/a Marvin Engles, a copy of the Pre-Answer Response brief (Doc. No. 20) and Appendix A (Doc. No. 20-1) only. It is

FURTHER ORDERED that the Motion for Additional Time to File Reply (Doc. No. 24) is **granted**, as set forth above. It is

FURTHER ORDERED that the [Second] Motion for Appointment of Counsel (Doc. No. 25), filed on April 23, 2012, is **denied as premature**.

DATED April 26, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge