IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03367-BNB

MARK SANTINI, a/k/a MARVIN ENGLES,

    Applicant,

v.

TOM CLEMENTS, Executive Director, Colorado Department of Corrections,
TRAVIS TRANI, Warden, Arrowhead Correctional Center, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Mark Santini a/k/a Marvin Engles, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Arrowhead Correctional Center in Canón City, Colorado.  Mr. Santini has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  He challenges the validity of his conviction and sentence imposed in Jefferson County District Court Case No. 99CR856.  Mr. Santini has paid the $5.00 filing fee.

    In an Order entered on February 28, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  On March 12, 2012, Respondents submitted a Pre-Answer Response (ECF No. 20).  Mr. Santini requested a status update of his case in a letter dated April 3, 2012 (ECF No. 22).  Magistrate Judge Boland thereafter issued a Minute Order on April 5, 2012, directing Applicant to file a Reply.  Mr. Santini filed a request for

extension of time on April 23, 2012, representing that he had not received a copy of the Pre-Answer Response (ECF No. 24). On April 26, 2012, Magistrate Judge Boland issued an Order to Show Cause to Applicant, directing him to file a Reply within twenty-one days and instructing the Clerk to mail to Mr. Santini a copy of the Pre-Answer Response brief (ECF No. 26). Mr. Santini filed his Reply on May 22, 2012 (ECF No. 28).

The Court must construe liberally the Application filed by Mr. Santini because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application as time-barred.

**I. Background and State Court Proceedings**

Mr. Santini was convicted pursuant to his guilty plea of second degree burglary and third degree assault in Jefferson County District Court Case No. 99CR856. (ECF No. 1, at 2 of 13; ECF No. 20-1, at 4 of 11). On September 20, 1999, he was sentenced to serve a twelve-year term for the burglary conviction and a concurrent 24-month term for the assault conviction. (*Id.*). Applicant did not file a direct appeal of his conviction or sentence.

On January 26, 2000, Mr. Santini filed a motion for sentence reconsideration pursuant to Colo. Crim. P. Rule 35(b). (ECF No. 20-1, at 8 of 11). The motion was denied on September 27, 2000. (*Id.*). Applicant did not appeal the trial court's order.

On August 13, 2001, Mr. Santini filed *pro se* a motion to correct or vacate an illegal sentence, which the state courts construed as a motion for relief pursuant to

Colo. Crim. P. Rule 35(c). (ECF No. 20-1, at 8 of 11; ECF No. 20-11, at 1-2). The state district court denied the motion on December 10, 2001. (ECF No. 20-1, at 8 of 11). The Colorado Court of Appeals affirmed the district court's order in *People v. Santini*, No. 03CA1282 (Colo. App. Sept. 21, 2006) (unpublished) (ECF No. 20-11). Applicant did not file a petition in the Colorado Supreme Court for certiorari review.

On March 28, 2008, Mr. Santini filed a second motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), which was denied by the state district court on May 2, 2008. (ECF No. 20-1, at 7 of 11). The state court denied the motion a second time in an Order on July 16, 2008, because Applicant had not received the court's earlier order. (*Id.*) The Colorado Court of Appeals affirmed the trial court's order in *People v. Santini*, No. 08CA1801 (Colo. App. Aug. 12, 2010) (unpublished) (ECF No. 20-5). Applicant's request for certiorari review was denied by the Colorado Supreme Court on January 3, 2011. (ECF No. 20-3).

Mr. Santini initiated this action on December 23, 2011. Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents further contend that some of Mr. Santini's claims are not cognizable on federal habeas review and that he has procedurally defaulted his other claims in the state courts which precludes this Court's review of the merits.

## II. AEDPA Time Bar

Respondents argue that the Application is action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Santini's conviction became final on November 4, 1999, forty-five days after he was sentenced on September 20, 1999.  *See* Colo. App. R. 4(b)(1) (granting criminal defendant forty-five days to file an appeal).  Accordingly, the statute began to run on November 5, 1999.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (noting that one-year limitation period commences the day after expiration of the time for seeking review, citing *United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003)).


The Court must next determine whether Mr. Santini's state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The statute ran for **82 days**, from November 5, 1999, until it was tolled on January 26, 2000, by the filing of a motion for reconsideration of sentence pursuant to Colo. Crim. P. Rule 35(b). *See Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006) (motion for reconsideration filed pursuant to Colo. Crim. P. Rule 35(b) tolls the one-year limitations period); *see also Wall v. Kholi,* 131 S.Ct. 1278, 1282 (2011) (holding that the phrase "collateral review" in § 2244(d)(2) means judicial review of a judgment in a

proceeding that is not part of direct review).  The statute was tolled until Monday, November 13, 2000,[1] forty-five days after the trial court denied the motion on September 27, 2000.

The AEDPA time clock then ran unabated for **272 days** from November 14, 2000, until August 13, 2001, when Mr. Santini filed his first Colo. Crim. P. Rule 35(c) motion.  The limitations period was tolled until Monday, October 23, 2006,[2] thirty days after the Colorado Court of Appeals issued its decision on September 21, 2006, during the period that Application could have sought certiorari review in the Colorado Supreme Court.  *See* Colo. App. R. 52(b) (2006).   At that time, **354 days** had run against the AEDPA limitation period.  The statutory one-year period commenced again on Tuesday, October 24, 2006, and expired eleven days later.  The last day for Mr. Santini to timely file his federal application was Monday, November 6, 2006.

The Rule 35(c) motion that Mr. Santini filed in March 2008 is not relevant to the timeliness of his federal application.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001) (same).  Accordingly, Mr. Santini's Application, filed in December 2011, is time-barred unless equitable tolling applies.

---

[1] The 45th day following the September 27, 2000 denial of reconsideration was Saturday, November 11, 2012, such that the last day to file an appeal to the Colorado Court of Appeals was Monday, November 13, 2000.  *See* Fed. R. Civ. P. 6(a); *Hurst*, 322 F.3d at 1261 (calculation issues concerning the AEDPA statutes of limitations should be resolved under the principles expressed in Rule 6(a)).

[2] The 30th day following the September 21, 2006 Court of Appeals decision was Saturday, October 21, 2006, such that the last day to seek certiorari review in the Colorado Supreme Court was Monday, October 23, 2006.  *See* note 1, *supra*.

## III. Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir.2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Santini bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Applicant asserts in his Reply that equitable tolling applies for the following reasons: (1) ineffective communications with post-conviction counsel concerning the filing of state motions for post-conviction relief; (2) he was transferred to various DOC facilities and did not receive his legal mail; and (3) he was advised incorrectly by counsel that the AEDPA one-year limitation period began on February 8, 2011, the date

the Colorado Court of Appeals issued its mandate in the post-conviction proceeding Applicant initiated in March 2008.[3]

In *Holland*, the Supreme Court held that an attorney's unprofessional conduct may sometimes be an "extraordinary circumstance" justifying equitable tolling. *Holland*, 130 S.Ct. at 2562-63. However, not all claims of attorney negligence meet this standard. *Id.* at 2564. In *Holland,* the petitioner consistently and diligently urged his attorney to file a timely habeas petition, but the attorney consistently and delinquently ignored him. *Id.* at 2555-59. The Court held that petitioner's claim that he was abandoned by his attorney, if true, "would suffice to establish circumstances beyond his control." *Id.* at 2568.

By contrast, in this case Mr. Santini makes a conclusory assertion that "his attorneys . . . were supposed to be responsible for filings on behalf of the Applicant."[4] However, Applicant does not state any facts to show that he acted diligently in pursuing his state post-conviction remedies.

Furthermore, Mr. Santini does not allege specific facts to support his assertion that delays in state post-conviction filings were caused by inter-facility transfers which resulted in him not receiving his legal mail. The record submitted by Respondents reflects that Applicant received the trial court's order of September 27, 2000, denying his Crim. P. 35(b) motion.[5] Mr. Santini did not appeal that order. Instead, he waited until August 13, 2001, to file a Crim. P. 35(c) motion. The state register of actions for

---

[3]ECF No. 28, at 2 of 6.

[4]*Id.*

[5]ECF No. 20-1, at 8 of 11.

Jefferson County Case No. 99CR856 refutes Applicant's assertion that his untimely federal filing was due to a failure to receive copies of court orders.

Finally, the incorrect advice allegedly offered by Mr. Santini's attorney about the commencement of the AEDPA one-year limitation period may have been negligent, but it was not extraordinary. *See Holland*, 130 S.Ct. at 2564 (observing that an attorney's lack of knowledge about the date the limitations period expired amounted to simple negligence); *see also Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (an attorney's mistake does not entitled the petitioner to equitable tolling unless it constituted "egregious misconduct"; normal attorney negligence is insufficient) (quotation omitted). Moreover, Applicant's ignorance of the law does not excuse his failure to obtain timely federal habeas review of his constitutional claims. *Davis v. Roberts*, 425 F.3d 830, 835-36 (10th Cir. 2005) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks omitted)).

## IV. Conclusion

Having reviewed Mr. Santini's allegations, the Court finds that he has failed to assert an adequate basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the Application is clearly untimely, the Court need not reach Respondents' other arguments that some of Mr. Santini's claims are not cognizable on federal habeas review and that he has procedurally defaulted his other claims so that they are barred from merits review.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Santini has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Santini may file a motion with the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  29th  day of   May          , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court